**Joseph Franklin EDWARDS, Petitioner,**

**v.**

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70–C–46–R.**

United States District Court, W. D. Virginia, Roanoke Division.

July 8, 1970.

W. Luke Witt, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus, having been filed *in forma pauperis*, in the United States District Court for the Eastern District of Virginia at Richmond. This petition was transferred and filed in this court on the 29th of April, 1970. The petitioner, a prisoner of the State of Virginia brought this habeas corpus petition pursuant to the provisions of 28 U.S.C.A. § 2241.

Petitioner Edwards is currently being detained by the Virginia State Penitentiary pursuant to a judgment of the Circuit Court of Franklin County on December 9, 1968. Petitioner, upon his plea of guilty, was convicted for the crimes of breaking and entering, as well as, for the possession of a "sawed off" shotgun for which the petitioner received twenty (20) years, with twelve (12) years suspended on the first count, and five (5) years to run concurrently on the second count.

On the 24th of January, 1969, the petitioner filed his first petition for a writ of habeas corpus, and the same was denied and dismissed by the Circuit Court of Franklin County on the 24th of February, 1969. Petitioner Edwards filed a notice of appeal shortly thereafter, but upon petitioner's own motion, this appeal was withdrawn on the 19th of May, 1969. Within a few days thereafter, the petitioner instituted another petition for a writ of habeas corpus in the same Circuit Court of Franklin County. This petition was again denied and dismissed on the 30th of July, 1969. An appeal was noted on the 12th of September, 1969. The Supreme Court of Appeals of Virginia, on the 19th of January, 1970, denied petitioner's writ of error. In light of the foregoing, it is the view of this court that the petitioner has exhausted his state remedies in compliance with the provisions of 28 U.S.C.A. § 2254, as interpreted in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 837 (1963).

In the present petition before this court, petitioner Edwards essentially claims that he was denied the effective assistance of counsel and correspondingly, because of this alleged ineffective representation, he entered a plea of guilty that was not voluntarily made on his part. After having examined the record in the petition at bar, including the complete transcript of petitioner's original criminal trial on the 9th of December, 1968, it is the view of this court that a plenary hearing is not necessary as the existing court records provide suf-

ficient basis upon which a final determination can be made.

As set forth in Peyton v. Fields, 207 Va. 40, 147 S.E.2d 762 (1966), the burden of establishing that one has been denied ineffective representation of counsel, clearly rests upon the person so alleging, in the absence of the late appointment of counsel situations. Not only is the burden placed upon the petitioner in the case at bar, but said petitioner must show by a "preponderance of the evidence" that counsel's representation was inadequate and ineffective. The allegations made by the petitioner relative to counsel's representation are clearly disputed by the original trial transcript of December 9, 1968. The records reflect that prior to the acceptance of petitioner's plea of guilty the presiding judge, in his chambers, questioned and advised the petitioner as to the consequences of a subsequent plea of guilty, as well as inquiring into petitioner's representation by counsel.

The first seven pages of the transcript clearly reflect the atmosphere under which the petitioner entered his plea of guilty. Those pages reflect the following:

BY THE COURT: I want to ask these gentlemen if they understand what they are doing when they plead guilty? Do you understand what you are doing when you plead guilty?

BY JOSEPH EDWARDS: Yes, sir. I do.

\* \* \* \* \* \*

BY THE COURT: Do you understand that I know nothing about your case and I have made no promise whatsoever of any kind. I have no idea what it is about. I know nothing about the facts and even though the attorney for the Commonwealth might recommend any thing that I am not bound by it. Do you understand that?

BY JOSEPH EDWARDS: Yes, sir. I understand it.

\* \* \* \* \* \*

BY THE COURT: Both of you are understanding that. I just want to be sure that you knew what you were doing. I don't want you to come in here and plead guilty when you felt like you were doing something you ought not to do. That is the way I feel about it. If you are not guilty, I'm going to find you not guilty.

BY JOSEPH EDWARDS: Yes, sir. I know that's all you could for we are guilty.

\* \* \* \* \* \*

BY THE COURT: Well, I'll ask them some questions about it. Mr. Joseph Edwards, your attorney advises me they will waive the arraignment; that is, that the charge will not be read to you like it was a few minutes ago on the charge of possession of a shotgun.

BY JOSEPH EDWARDS: Yes, sir.

BY THE COURT: You understand it? Do you want that read to you in open court? If you do, I can have the Clerk read it to you.

BY JOSEPH EDWARDS: No, sir. It is not necessary.

BY THE COURT: Do you know what the charge is?

BY JOSEPH EDWARDS: Yes, sir. I do.

BY THE COURT: Do you know what the penalty is for that?

BY JOSEPH EDWARDS: No, sir. I am not aware of it, but I know it is quite a bit.

BY THE COURT: What is the penalty?

BY MR. GOODE: The minimum is twenty years.

BY THE COURT: The minimum punishment is twenty years in the penitentiary and can go to life or death. Now, I want you to understand that before you plead. Do you want to plead guilty or not guilty?

BY JOSEPH EDWARDS: Guilty.

BY THE COURT: I want you to understand it thoroughly. You understand—now, have both of you talked to your attorneys and feel that you have given them sufficient advice—sufficient information to acquaint them with the status of your case?

BY JOSEPH EDWARDS: Yes, sir.

BY THE COURT: Have you given them the names of any witnesses you want?

BY JOSEPH EDWARDS: Yes, sir. We have already given them every bit of information.

BY THE COURT: You feel that they have properly prepared your case for trial?

BY JOSEPH EDWARDS: Yes, sir. They've done the best they can.

\* \* \* \* \* \*

BY THE COURT: Mr. Rhodes and Mr. Davis, do you all feel that you have made sufficient preparation in this case? Sufficient information to advise these men and to be prepared for the trial of their case?

BY MR. DAVIS: If Your Honor please, I don't want to compliment Mr. Rhodes and myself too much, but we've done the best we could with the facts we have, and I feel that we have given the two defendants the benefit of the best judgment we have.

BY THE COURT: I am not speaking about that. Do you feel that they have given you sufficient evidence and you have worked on that evidence sufficiently?

BY MR. RHODES: Your Honor, I think Mr. Davis will agree with me and we feel that the boys have been completely candid with us in giving us all the information that they possibly can.

The foregoing discussion between the presiding judge, the petitioner and his counsel, establishes, without reservation, that not only was the petitioner satisfied with the efforts put forth by counsel on his behalf, but more importantly, the eventual pleas of guilty to the two charges facing Edwards were entirely voluntary on his part. The record does not disclose any coercive elements on counsel's part relative to Edwards' subsequent plea of guilty before the court.

The two allegations raised by Edwards are totally without foundation, and for this court to hold otherwise would indeed be a miscarriage of justice to all parties concerned. The petitioner has clearly failed to meet the burden that has been placed upon him, and in so failing, this court has no other recourse than to deny and dismiss the petition for a writ of habeas corpus.